Opinion of the Court.
THIS was an action brought by Nancy Tyler, a woman of colour, against Findly, to recover her freedom. On the trial of an issue made up between the parties, a verdict was found against Findly, and his motion for a new trial was overruled by the court.
The motion for a new trial, was made on the grounds—1st, That of Thomas M’Clain, who managed the defence for Findly, and who is the person interested in the event of the contest, being surprised by the evidence of a certain Ars Witt. 2d. That of the discovery of new evidence, since the finding of the jury.
Whether or not a new trial should have been awarded, is the only question presented by the assignment of errors for the decision of this court.
Witt, by whose evidence M’Clain alleges the surprise, proved that about twenty, eight years previous to the trial, he resided in Jonesborough in Tennessee, and that a free woman, by the name of Polly Tyler, was delivered of a mulatto child, as he was informed, and that he afterwards saw the child at the breast of the woman ; that, whilst young, the child was taken from its mother, and, as he was informed, put into the possession of a certain Thomas Scott, in the neighborhood of Jonesborough; that, some time thereafter, he saw a mulatto girl, who was reputed to be the same girl, going to school in the neighbourhood of Scott’s and near to his house ; and, when interrogated, observed that it was not usual for people of that country to educate their slaves, and that he knew of no instance in which it was done. He further proved, that whilst the mulatto girl was going to school, she, in play with *162 an Indian, fell and received a cut in her eyebrow, which occasioned a considerable flow of blood ; but the witness stated, that since about that time, he never saw the girl, until he saw her in this country, in the possession of Findly, and that he had never since examined for the scar, or any thing else. Whereupon the girl was brought into court, her eyebrow examined, and a scar found to accord with the description of the wound given by the witness.
M’Clain, in his affidavit filed on the application for a new trial, alleges that on the day preceding the trial, he was accosted by the witness, Witt, and after some preliminary remarks, was informed by him, that he was requested to attend as a witness for the plaintiff in that court ; and when asked what he knew, observed, he knew nothing that would be of benefit to either party; that he knew not whether the girl was bond or free, and never, to his knowledge, saw her, until Findly brought her to Kentucky. And the surprise for which the new trial was asked, is alleged to consist in the evidence of Witt being different from what he so represented to M’Clain before the trial. And the new evidence, Which M’Clain alleges to have discovered since the trial, is that of two witnesses, by whom he expects to prove that Witt made observations to them, before the trial, similar to those made to him.
We think, however, the court was correct in refusing the new trial. It is apparent, that the object of the application for a new trial, was to afford the defendant in that court an opportunity of impeaching the credit of the witness, Witt; and courts have not only always been very reluctant to interpose, when such is the object of an application, but in some cases it has been held that such an object will not authorise the granting a new trial. Were it, however, conceded, that a possible case might exist, where a new trial should be granted for the purpose of enabling the party to impeach the credit of a witness, the present is not such a case. It is evidently to he inferred from the evidence of Witt, as contained in the record, that lie did not intend to be understood by the jury, to say that he knew the girl to be either a slave or entitled to her freedom. It is rather inferable, that he designed to convey to the jury an idea of his ignorance whether or not the girl which he knew in Tennessee, was *163 the plaintiff in the action ; and after describing what he knew in relation to the girl in Tennessee, intended the jury should judge, from the circumstances detailed, whether or not the plaintiff was the same. Between the evidence of Witt, thus understood, and the statements alleged to have been made to M’Clain, there does not, therefore, exist that repugnance which seems to be supposed by M’Clain; for, without knowing the plaintiff to be the same he had known in Tennessee, and without knowing she had a scar on her eyebrow, the witness may very innocently have informed M’Clain that he knew not whether the plaintiff was bond or free, or whether he had ever seen her until she was brought to this country by Findly, or whether his evidence would be of any benefit to either party.
The newly discovered evidence, therefore, as it went only to prove, in substance, the same matter that had been previously told to M’Clain, could not, even if it had been produced to the jury, have conduced in any satisfactory degree, to do away any credit which the testimony of the witness, Witt, was otherwise entitled to ; and consequently, the ground of the discovery of that evidence, relied on for a new trial, was correctly held to be insufficient to authorise a new trial. And if we are correct in the result of Witt’s evidence, and there is no material discrepancy between it and the observations made to M’Clain, the ground of surprise must necessarily be equally untenable.
The judgment must, consequently, be affirmed with costs.